Pee Cueiam.
 

 The court is of opinion that the only officers who are entitled to make complaint for the violation of chapter 508 of the Public Laws, Act of June 25,1875, under § 31 thereof, without giving recognizance for costs, are the officers designated in other sections of the chapter. The complaint in this case purports to have been made by “ John T. Brown, Deputy Chief of Police of the City of Providence.” No such officer is mentioned in the chapter, and, in fact, no such officer is known to the law of the State. A recognizance should have been required. No recognizance was given. The defendant moved the dismissal of the complaint on that account, first in the Justice Court and subsequently on appeal in the Court of Common Pleas. The motion was denied. We think it should have
 
 *483
 
 been granted, there being no question but that it was seasonably made.
 
 State
 
 v. McCarty, 4 R. I. 82. The recognizance is required to secure the defendant’s costs as well as the State’s, and it is only through the recognizance that the defendant can recover costs at all. Gen. Stat. R. I. cap. 186, §§ 4,11, 8. The exceptions are sustained and the complaint dismissed.
 

 Samuel JP. Colt,
 
 Assistant Attorney General, for plaintiff.
 

 Greorge J. West,
 
 for defendant.
 

 Exceptions sustained.